**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Lowcountry Block LLC *and* Lowcountry Paver LLC, ) ) ) Plaintiffs, ) ) v. ) ) The Cincinnati Insurance Companies, the ) Cincinnati Insurance Company, *and* the ) Cincinnati Insurance Group, ) ) Defendants. ) ) | Civil Action No. 9:17-1147-RMG  **ORDER AND OPINION** |

This matter is before the Court on Defendants' motion to dismiss, Plaintiffs' motion for leave to amend the complaint, and Plaintiffs' motion for an extension of time to file a reply in support of its motion for leave to amend. For the reasons set forth below, the Court denies without prejudice the motion to dismiss, grants the motion for leave to amend without prejudice to a renewed motion to dismiss, and denies as moot the motion for an extension. Defendants may file a renewed motion to dismiss or a responsive pleading by July 10, 2017.

## I. Background

Plaintiffs Lowcountry Block and Lowcountry Paver (collectively, "Lowcountry") filed suit in the Jasper County Court of Common Pleas on December 23, 2016, alleging Defendant Cincinnati Insurance Company failed to pay a claim arising from a theft on September 23, 2013, as required under an insurance policy it issued to Lowcountry Block, and asserting claims for breach of contract and bad faith denial of insurance benefits. The complaint identifies Lowcountry Paver as an additional Plaintiff and the Cincinnati Insurance Group and the Cincinnati Insurance Companies as additional Defendants, but those parties' relationship to the

-1-

dispute is unclear. The complaint was served on or about April 8, 2017, and Cincinnati removed to this Court on May 3, 2017.

On May 10, 2017, Cincinnati moved to dismiss the complaint. Cincinnati argues that the complaint is barred by a three-year statute of limitations, which is also an express contractual term of the insurance policy, and that the complaint lacks sufficient allegations to state a plausible claim for breach of an insurance contract or for bad faith denial of insurance benefits. In addition to opposing Cincinnati's motion, Lowcountry moved for leave to amend the complaint on June 2, 2017—only two days after the period in which Lowcountry could amend the complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(B). The proposed amended complaint is over three times as lengthy as the original complaint, and adds an additional Plaintiff, Thomas Curry, and an additional cause of action under S.C. § 38-59-20. (*See* Dkt. No. 10-1.)

**II.     Legal Standard**

**A.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a

light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.  Motion to Amend**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Thus, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010).

Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the

requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re. Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

**III.    Discussion**

Lowcountry's current three-page complaint is obviously deficient. The complaint was filed after the three year limitations period lapsed on September 22, 2016. In opposition to the motion to dismiss, Lowcountry argues the period should be tolled because "the insurance company purposely refused to properly administer the claim in an effort to attempt to delay so that it could raise the statute of limitations defense and avoid paying the claim at issue." (Dkt. No. 7-1 at 3.)[1] Lowcountry attaches to its legal memoranda affidavits and correspondence in support of that argument but the complaint itself is devoid of any supporting factual allegations. The complaint likewise is devoid of any factual allegations supporting the asserted breach of contract or bad faith claims. The complaint simply identifies the parties, states that Cincinnati

---

[1] South Carolina Code § 15-5-530(8) expressly applies a three-year statute of limitations to "an action on any policy of insurance, either fire or life." Lowcountry also argues "either fire or life" exempts insurance other than fire or life insurance from that subsection, and that, consequently, the three-year statute of limitations for any action on a contract (§ 15-5-530(1)) applies. Because, according to Lowcountry, the § 15-5-530(1) limitations period runs from the date of breach, not the date of loss, the complaint is timely because the breach purportedly occurred in January 2017. (See Dkt. No. 11-1 at 7.) That argument is without merit because the complaint does not provide any allegations from which a date of an alleged breach, other than the September 23, 2013 date of loss, could be inferred.

refused to pay a claim regarding a theft on September 23, 2013, and asserts that refusal to be breach of contract and bad faith denial of insurance benefits. (*See* Dkt. No. 1-1.)

Now haled into federal court, Lowcountry understandably seeks to amend its complaint. Lowcountry could have amended without leave by May 31, 2017, but instead filed a motion for leave to amend on June 2, 2017. (Dkt. No. 10.) Courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court finds cause under that generous standard to grant leave to amend the complaint for two reasons. First, Lowcountry did not select the federal forum and so it is reasonable that Lowcountry be permitted to amend its pleading to comport better with federal pleading standards. Second, the current complaint cannot survive a motion to dismiss and so denial of leave to amend would effectively put Lowcountry out of court, which would be an excessively severe sanction for a two-day delay in amending a pleading.

Cincinnati opposes leave to amend because, according to Cincinnati, the proposed amendment is futile. Defendant makes several arguments in support of that position: (1) the complaint is barred by the statute of limitations, (2) South Carolina Code § 38-59-20 does not provide a private cause of action, (3) proposed Plaintiffs Low Country Paver and Thomas Curry lack standing, (4) Lowcountry seeks special damages with specifically stating the special damages, and (5) Lowcountry seeks other relief, such as prejudgment interest and attorney's fees, that are by law unavailable in this action. (*See* Dkt. No. 15.)

While reply briefs are disfavored in this District (*see* Local Civil Rule 7.07 DSC), an opposition to a motion for leave to amend that argues the proposed amended complaint is a legal futility is, essentially, a motion to dismiss the proposed amended complaint, and so Lowcountry is entitled to reply. *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("A fundamental

requirement of due process is 'the opportunity to be heard.'"). The Court therefore cannot rule on the merits of Lowcountry's futility arguments without giving Lowcountry an opportunity to reply to those arguments. The Court is cognizant that Cincinnati's time for filing an opposition to the motion to dismiss was shortened to one week and that Lowcountry has moved for an extension of the reply deadline to July 29, 2017. It would be inequitable to allow Lowcountry almost three times as much time as Cincinnati to brief the adequacy of the allegations in the proposed amended complaint. Further, the briefing is already scattered over a motion to dismiss, a motion for leave to amend, three briefs in opposition to those motions, and a reply brief in support of the motion to dismiss. The Court therefore grants the motion for leave to amend the complaint without prejudice to Cincinnati's ability to raise again its arguments against the amended complaint in a renewed motion to dismiss and extends the time to file a renewed motion to dismiss or responsive pleading to July 10, 2017 (regardless of when Lowcountry actually files its amended complaint). *See* Fed. R. Civ. P. 15(a)(3) (providing responses to amended pleadings are due within 14 days "[u]nless the court orders otherwise"). The amendment moots the pending motion to dismiss the original complaint, which is dismissed without prejudice.

Finally, the Court again notes that it cannot consider affidavits without converting the motion to dismiss into a motion for summary judgment, nor can it convert a motion to dismiss into a motion for summary judgment where, as here, "the parties have not had an opportunity for reasonable discovery." *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). The Court therefore *will not* consider affidavits attached to briefs supporting or opposing a renewed motion to dismiss. The Court will consider only the complaint and the documents attached thereto (Dkt. Nos. 10-1, 10-2, 10-3, 10-4).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for leave to amend (Dkt. No. 10) without prejudice to Defendants' ability to assert arguments raised in opposition to that motion in a renewed motion to dismiss. Plaintiffs are **ORDERED** to file the amended complaint by June 19, 2017. The motion to dismiss (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE**. The motion for an extension (Dkt. No. 16) is **DENIED AS MOOT**. Defendant may file a renewed motion to dismiss or a responsive pleading by July 10, 2017.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

June 12, 2017
Charleston, South Carolina