# UNITED STATES DISTRICT COURT
### District of South Carolina
### Beaufort Division

| | |
|---|---|
| LOWCOUNTRY BLOCK, LLC, LOWCOUNTRY PAVER, LLC AND THOMAS CURRY<br><br>   Plaintiffs,<br><br>          -vs-<br><br>THE CINCINNATI INSURANCE COMPANIES, THE CINCINNATI INSURANCE COMPANY AND THE CINCINNATI INSURANCE GROUP<br><br>   Defendants. | CASE NO: 9:17-CV-01147-RMG<br><br><br>**AMENDED COMPLAINT<br>WITH JURY DEMAND** |

Plaintiff(s) **Lowcountry Block, LLC, Lowcountry Paver, LLC and Thomas Curry**, allege:

### **PARTIES**

1. Plaintiff, Lowcountry Block, LLC, a Corporation, organized and existing under the laws of South Carolina, with its principal place of business in County of Jasper, State of South Carolina.

2. Plaintiff, Lowcountry Paver, LLC, a Corporation, organized and existing under the laws of South Carolina, with its principal place of business in County of Jasper, State of South Carolina.

3. Plaintiff, Thomas Curry (hereinafter collectively "Plaintiff" or "Plaintiffs"), a Person, who at all relevant times mentioned in this Complaint was, a resident of Beaufort County, State of South Carolina.

4. Defendant, Cincinnati Insurance Group, a Corporation, organized and existing under the laws of Ohio, with its principal place of business in County of Hamilton, State of Ohio.

5. Defendant, The Cincinnati Insurance Companies, a Corporation, organized and existing under the laws of Ohio, with its principal place of business in County of Hamilton, State of Ohio.

6. Defendant, The Cincinnati Insurance Company, (hereinafter collectively with all Defendants the "Defendant" or "Defendants") a Corporation, organized and existing under the laws of Ohio, with its principal place of business in County of Hamilton, State of Ohio.

7. All matters complained of herein occurred in Jasper and Beaufort County, South Carolina.

## JURISDICTION

8. This Court has jurisdiction over the parties, and the subject matter herein set forth.

## FACTS

9. Defendant issued to the Plaintiff a liability insurance policy, which insured the Plaintiff for coverage against burglary, theft and larceny. The Policy was, in effect, when the incident of theft occurred on September 23, 2013.

10. The policy also provided coverage for business losses which resulted from theft.

11. A true copy of the insurance policy is attached as Exhibit "A" (the "Policy").

12. Since the theft, the Plaintiff properly filed a claim with the Defendant. The Defendant has refused to pay the benefits promised in the policy.

13. On July 1, 2016, the Plaintiff, by and through its counsel sent the letter to Nicholas Goanos, Esq., the representative for the Defendants.

14. A true copy of the July 1, 2016 letter is attached hereto as Exhibit "B" (the "July 1, 2016 Letter").

15. In the letter, the Plaintiff provided the following documents in electronic form:

    a. All Lowcountry Paver sales from 2010-2014;
    b. Lowcountry Paver Summary Balance Sheets from 2010-2014;
    c. Lowcountry Paver Profit and Loss Reports from 2010-2014;

    d. Copies of the Order Conformations from Industrial Services International, LLC;
    e. Copies of the Payroll Sheets from 2010-2014;
    f. Lowcountry Paver Sales by Item Stolen Molds reports from 2010-2014

16. The July 1, 2016 Letter also stated the following:

    a. All other information is held in paper form. You will need to arrange a time to come out to the company to review any of the paper documents.

17. The letter was received by Nicholas Goanos, Esq., representative of the Defendant on July 1, 2016.

18. A true copy of the Green Card is attached at Exhibit "C".

19. The Defendant did not attempt to schedule a time to review the documents which were in paper form.

20. The Plaintiff has since submitted voluminous information, but the Defendant failed to pay the claim as required under the policy, and through the law.

21. The Defendant ignored the Plaintiffs' offer to allow the review of the documents which were only available in paper form.

22. The Defendant later closed the file and refused to pay the claim.

23. The Defendant's actions were the proximate cause of the Plaintiff's losses and/or injury.

24. The Plaintiff has suffered losses by not receiving the funds for the payment of the monies owed on the insurance policy; and loss of income which would assist the Plaintiff in its operations.

25. The Plaintiff also suffered proximate damages in attorney's fees, costs, loss of interest on the funds and costs of this litigation and the negotiations with the Defendant.

26. Defendant has acted recklessly, negligently, willful, wanton, reckless, and/or in bad faith in failing and refusing to pay the Plaintiff. Due to Defendants conduct the Plaintiff has not recovered on the policy, has costs, lost interest and suffered additional damages.

27. That Defendants' actions were willful, wanton and/or in reckless disregard for Plaintiff's rights and Plaintiff is informed and believed that Plaintiff is entitled to punitive damages against Defendant.

### FIRST CAUSE OF ACTION
### (Bad Faith)

28. The Plaintiff incorporate(s) herein all the paragraphs of this Complaint as more fully set forth at length herein.

29. At all times relevant, the Policy was in full force and effect, and all premium payments were current.

30. The Plaintiff spent numerous hours providing information, documentation to the Defendants insurance companies, but has failed to obtain any payment and with each submission only receives the request for additional documentation.

31. The Plaintiff has complied with the terms of the policy.

32. The insurance policy was a contract.

33. Each contract contains an implied duty of good faith and fair dealing.

34. The Policy and the duty of good faith and fair dealing require the Defendants to:

   a. Reasonably investigate the claim;

   b. Deal honestly and fairly with the insured;

   c. Avoid misleading the insured as to coverage provided under the policy;

   d. Only require documentation needed to assess the claim;

   e. Reasonably investigate the claim;

    f.   Deal honestly and fairly deal with the insured; and

    g.   Efficiently handle the claims process;

35. The Defendants breached the duty of good faith and fair dealing by:

    a.   Demanding documentation which was not needed to assess the claim;

    b.   Refusing to review records which were only available in paper form;

    c.   Failing to reasonably investigate the claim;

    d.   Failing to deal honestly and fairly deal with the insured;

    e.   Misleading the insured by purposely delaying the claims process;

    f.   Delaying the review of the claim in an effort to avoid paying the claim;

    g.   Making claims that prior claims under the policy were improperly paid and implying that if claims were sought by the Plaintiff it would rescind previously paid claims; and

    h.   Refusing to travel to review documentation including, documents which were only available in paper form; and

    i.   Defendants' refusal to pay benefits due compelled Plaintiffs to engage legal counsel to initiate litigation to recover such benefits.

36. Defendant breached its duty to Plaintiff and acted recklessly, negligently, grossly negligent, willful, wanton, reckless, and/or in bad faith in failing and refusing to pay the Plaintiff. Due to Defendants conduct the Plaintiff has not recovered on the policy, has costs, lost interest and suffered additional damages.

37. That Defendants' actions were recklessly, negligently, grossly negligent, willful, wanton, reckless, and/or in bad faith and in disregard for Plaintiff's rights and Plaintiff is informed and believed that Plaintiff is entitled to punitive damages against Defendant.

38. That as a direct and proximate result of the conduct of Defendant, the Plaintiff has sustained substantial compensable losses, including withheld benefits, certain consequential damages, attorney fees and costs.

**WHEREFORE**, the Plaintiff is informed and believes that Plaintiff is entitled to a judgment against the Defendant, jointly and severally, for actual, punitive damages, consequential damages, pre-judgment interest, post judgment interest, costs of this action and costs arising prior to the action during the negotiation of the claims, special damages, attorney's fees and for such other and further relief as this Court might deem just and proper.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

39. The Plaintiff incorporate(s) herein all the paragraphs of this Complaint as more fully set forth at length herein.

40. At all times relevant, the Policy was in full force and effect, and all premium payments were current and the insurance policy was in place.

41. The Plaintiff entered into an agreement by purchasing an insurance policy from the Defendant.

42. The Plaintiff has complied with all terms of the policy.

43. The Defendant has failed to comply with the terms of the policy and refuses to pay the policy as promised in the insurance policy.

44. The Defendant breached the policy by:

    a. Demanding documentation which was not needed to assess the claim;

    b. Refusing to review records which were only available in paper form;

    c. Failing to reasonably investigate the claim;

    d. Failing to deal honestly and fairly deal with the insured;

    e. Misleading the insured by purposely delaying the claims process;

    f. Delaying the review of the claim to try to avoid paying the claim;

    g. Making claims that prior claims under the policy were improperly paid and implying that if claims were sought by the Plaintiff it would rescind previously paid claims; and

    h. Refusing to travel to review documentation which was only available in paper form.

45. The Plaintiff was severely damaged by the loss, these damages included the costs for attorney's fees, costs, loss of income and time spent dealing with the claims process, loss of interest on the funds which were due and payable, loss and other damages which are to be proven at trial.

46. The Plaintiff also has certain consequential damages which result from the Defendants refusal to pay the claim of the Plaintiff.

47. The Defendant acted in bad faith, or in an unreasonable manner and Plaintiff is informed and believes that Plaintiff is entitled to recover attorney's fees and costs pursuant to Section 38-9-320 of the Code of Laws of South Carolina (1976).

48. The Plaintiff has suffered direct and proximate damage because of the failure of the Defendant to pay policy benefits are required under the insurance policy.

**WHEREFORE**, the Plaintiff is informed and believes that Plaintiff is entitled to a judgment against the Defendant, jointly and severally, for actual, punitive damages, consequential damages, pre-judgment interest, post judgment interest, costs of this action and costs arising prior to the action during the negotiation of the claims, special damages, attorney's fees and for such other and further relief as this Court might deem just and proper.

## THIRD CAUSE OF ACTION
### (Violation of SC Code 38-59-20)

49. The Plaintiff incorporate(s) herein all the paragraphs of this Complaint as more fully set forth at length herein.

50. The Defendants sold a casualty insurance policy to the Plaintiff.

51. The Defendants have committed the following improper business practices:

   a. Knowingly misrepresenting to insureds or third-party claimants pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages.

   b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies, including third-party claims arising under liability insurance policies.

   c. Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims;

   d. Not attempting in good faith to effect prompt, fair, and equitable settlement of claims, in which liability has become reasonably clear.

   e. Compelling policyholders or claimants, including third-party claimants under liability policies, to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

    f.    Making statements that prior claims were paid improperly and threatening to rescind previously paid claims if the current claim was pursued for the primary purpose of discouraging or reducing a claim, including a third-party liability claim.

    g.    Any other practice which constitutes an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims, including third-party liability claims, arising under coverages provided by its policies.

**WHEREFORE**, the Plaintiff is informed and believes that Plaintiff is entitled to a judgment against the Defendant, jointly and severally, for actual, punitive damages, consequential damages, pre-judgment interest, post judgment interest, costs of this action and costs arising prior to the action during the negotiation of the claims, special damages, attorney's fees and for such other and further relief as this Court might deem just and proper.

**GALVIN LAW GROUP, LLC**

*/s/ Gregory Michael Galvin, Esq.*
Gregory Michael Galvin, Esq.
P.O. Box 887
Bluffton, South Carolina 29910
843-227-2231
888-362-0714 Fax
ggalvin@galvinlawgroup.com

Bluffton, South Carolina
15th day of June, 2017

**JURY DEMAND**

Lowcountry Block, LLC, Lowcountry Paver, LLC and Thomas Curry demands a jury trial on all issues.

**GALVIN LAW GROUP, LLC**

*/s/ Gregory Michael Galvin, Esq.*
Gregory Michael Galvin, Esq.
P.O. Box 887
Bluffton, South Carolina 29910
843-227-2231
888-362-0714 Fax
ggalvin@galvinlawgroup.com

Bluffton, South Carolina
15th day of June, 2017