IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Lowcountry Block LLC; Lowcountry Paver LLC, *and* Thomas Curry,<br><br>  Plaintiffs,<br><br>v.<br><br>The Cincinnati Insurance Companies, the Cincinnati Insurance Company, *and* the Cincinnati Insurance Group,<br><br>  Defendants. | Civil Action No. 9:17-1147-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants' motion to dismiss the amended complaint. For the reasons set forth below, the Court grants the motion to dismiss.

**I.   Background**

Plaintiffs Lowcountry Block, Lowcountry Paver, and Thomas Curry filed suit in the Jasper County Court of Common Pleas on December 23, 2016, alleging Defendant Cincinnati Insurance Company failed to pay a claim arising from a theft on September 23, 2013, as required under an insurance policy it issued to Lowcountry Block, and asserting claims for breach of contract, bad faith denial of insurance benefits, and a statutory claim under South Carolina Code § 38-59-20. The complaint identifies Lowcountry Paver and Thomas Curry as additional Plaintiffs, and the Cincinnati Insurance Group and the Cincinnati Insurance Companies as additional Defendants, but those parties' relationship to the dispute is unclear. The complaint was served on or about April 8, 2017, and Cincinnati removed to this Court on May 3, 2017.

On May 10, 2017, Defendants moved to dismiss the complaint. Defendants argue that the complaint is barred by a three-year statute of limitations, which is also an express contractual term of the insurance policy, and that the complaint lacks sufficient allegations to state a plausible claim

-1-

for breach of an insurance contract or for bad faith denial of insurance benefits. In addition to opposing Defendants' motion, Plaintiffs moved for leave to amend the complaint on June 2, 2017. The Court granted leave to amend the complaint, noting that the original "three-page complaint is obviously deficient." (Dkt. No. 17.) On July 24, 2017, Defendants moved to dismiss the amended complaint.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. <u>Discussion</u>

South Carolina law provides a three-year limitations period for breach of contract. S.C. Code § 15-3-530(1). South Carolina law also allows contracting parties to set their own limitations periods so long as the agreed period does not shorten the statutory limitations period. *Scott v. Guardsmark Sec.*, 874 F. Supp. 117, 121 (D.S.C. 1995). The insurance contract at issue here provides that actions must commence "within 3 years after the date on which the direct physical loss ('loss') or damaged occurred." (Dkt. No. 18-1 at 16.) Bad faith denial of insurance benefits is a tort claim also subject to a three-year statute of limitations. (*See* Dkt. No. 21-1 (Plaintiffs conceding bad faith claims are subject to the three-year statute of limitations provided by S.C. Code § 15-3-530(5)).) Thus, the applicable limitations period in this case is three years.

Plaintiffs, however, correctly argue the limitations period accrues from the date of the breach and not the date of the loss. *See Maher v. Tietex Corp.*, 500 S.E.2d 204, 207 (S.C. Ct. App. 1998). This is as true in insurance actions as in other breach of contract actions. *See S.C. Farm Bureau Mut. Ins. Co. v. Kelly*, 547 S.E.2d 871, 873 (S.C. Ct. App. 2001); *see also Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116, 1997 WL 702267, at *3 (4th Cir. Nov. 5, 1997) (unpublished decision applying South Carolina law). Contractual language providing for accrual from the date of loss is ineffective to the extent it results in a shorter limitations period than South Carolina contract law provides. *See Johnston v. Commercial Travelers Mut. Accident Ass'n of Am.*, 131 S.E.2d 91, 94 (S.C. 1963). Further, "[p]ursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence." *CoastalStates Bank v. Hanover Homes of S.C., LLC*, 759 S.E.2d 152, 156

(S.C. Ct. App. 2014) (citation and internal quotation marks omitted). Tort claims are also subject to the discovery rule. S.C. Code § 15-3-535.

When a defendant raises an affirmative defense, like a statute of limitations, on a Rule 12(b)(6) motion to dismiss, all facts necessary for the Court to draw a conclusion that the claims are barred must appear on the face of the Complaint. *Healey v. Abadie*, 143 F. Supp. 3d 397, 402–03 (E.D. Va. 2015). "In order to rule in Defendant's favor on a statute of limitations defense brought pursuant to Rule 12(b)(6), the Complaint must conclusively foreclose a finding that the action is not time barred." *Id.* at 403.

In the present case, Plaintiff's amended complaint does not allege a date of breach other than the date of loss—even though the Court observed the same when ruling on Defendants' motion to dismiss the original complaint. (*See* Dkt. No. 17 (this Court noting, "the complaint does not provide any allegations from which a date of an alleged breach, other than the September 23, 2013 date of loss, could be inferred").) The only dates appearing in the complaint are September 23, 2013 (the date of loss) and July 1, 2016 (when Plaintiffs provided certain information to Defendants, presumably at Defendants' request). In opposition to the motion to dismiss, Plaintiffs offer two possible accrual dates for their claims: September 2016, when Defendants closed the claims file upon the expiration of the statute of limitations, or in January 2017, when the insurer refused to re-open the claim file (January 2017 is after the filing of the present action). (Dkt. No. 21-1 at 4.) But any allegation that through the exercise of reasonable diligence Plaintiffs were only able to discover the denial of their claim regarding a September 23, 2013 theft in or after September 2016 is simply implausible.

Moreover, Plaintiffs only allege that a "theft" occurred on September 23, 2013; they do not allege what was stolen, when, from where, or with what consequences. In their opposition to the

motion to dismiss, however, they elaborate that the stolen items are metal molds used to manufacture pavers and that Defendants did reimburse Plaintiffs for the molds. Plaintiffs' actual claim, which the complaint only obliquely suggests, is that the insurer "failed to pay for the [resultant] business [income] losses and requested a substantial amount of documentation." (Dkt. No. 21-1 at 2–3.) But consequential damages do not delay the accrual of a cause of action until the full scope of damages is known. *See Christensen v. Mikell*, 476 S.E.2d 692, 694 (S.C. 1996) ("The statutory limitations period begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a full-blown theory of recovery is developed. Even if appellant did not know the exact nature of the wrong or the extent of the damages in 1986, he should have known that his expectation of title insurance coverage had not been met . . . ." (citation omitted)).

Plaintiffs also argue the contractual provision requiring an action to be "brought within 3 years after the date on which the direct physical loss ('loss') or damage occurred" is disjunctive and, therefore, extends the limitations period to a date three years later than the last occurrence of damages: "Therefore, there are two trigger dates. The date of the direct physical loss or when the damages occur." (Dkt. No. 21-1 at 12.) That argument is without merit. The unambiguous meaning of the contractual language is damage to insured property, not ongoing "damages" to the owner of insured property that result from physical loss or damage to insured property.

Plaintiffs allege the date of loss is September 23, 2013. They allege no other dates relevant to the statute of limitations. They do not allege that anything concealed the fact or the date of the loss. They merely allege they "properly filed a claim with the Defendant" and on July 1, 2016 provided extensive documentation to the insurer. (Dkt. No. 18 ¶¶ 12–18.) From the face of the complaint, therefore, it is apparent the limitations period expired on September 22, 2016. Plaintiffs

filed this action on December 23, 2016. (Dkt. No. 1-1.) Plaintiffs' claims therefore are time barred.

Finally, Plaintiffs argue Defendants' inequitable conduct caused the delay in commencing this action and they therefore should be estopped from asserting a statute of limitations defense. *See Vines v. Self Mem'l Hosp.*, 443 S.E.2d 909, 911 (S.C. 1994) ("A defendant may be estopped from claiming a statute of limitations defense if the delay that otherwise would give operation to the statute has been induced by the defendant's conduct." (internal quotation marks omitted)). Estoppel requires "either an express representation that the claim will be settled without litigation or by conduct suggesting a lawsuit is unnecessary." *Id.* "Settlement negotiations commenced, but not finalized, will not bar a defendant's assertion of the statute of limitations." *Id.*

In opposition to the motion to dismiss, Plaintiffs assert they are "certain that the insurance company purposely refused to properly administer the claim in an effort to attempt to delay so that it could raise the statute of limitations defense and avoid paying the claim at issue." (Dkt. No. 21-1 at 3.) Plaintiffs argue (but do not *allege*) that Plaintiffs' counsel was "in the process of filing a bad faith and breach of contract case" when counsel "received a friendly call from [counsel for Defendants stating] . . . he wanted to work with the Plaintiff's counsel to get the claim resolved" and requested a list of documents for the insurer to review. (*Id.* at 16.) According to Plaintiffs, this means Defendants induced Plaintiffs to delay filing this action until after the expiration of the statute of limitations.

Those facts—if true (had they been alleged)—are insufficient to estop a statute of limitations defense. Plaintiffs do not argue Defendants represented they would pay the disputed claim without litigation. They merely argue documents were provided to Defendants, in response to Defendants' "continuing requests for information." (*Id.* at 3.) But document requests are not

"conduct suggesting a lawsuit is unnecessary." To the contrary, Plaintiffs admit "Plaintiff's counsel . . . was only met with the insurance company's refusal to make an[] offer." (*Id.*) In sum, Defendants initiated negotiations without agreeing to settle the claim. Under South Carolina law, that is insufficient to estop Defendants from asserting the statute of limitations. *See Vines*, 443 S.E.2d at 911.

Because Plaintiffs' breach of contract and bad faith claims are time barred, the Court dismisses them with prejudice and without reaching arguments that they are insufficiently pleaded, that certain Plaintiffs lack standing, or that Plaintiffs seek unavailable forms of relief. The Court dismisses Plaintiffs' claims for violation of the South Carolina Claims Practices Act (codified at S.C. Code ch. 38-59) without prejudice because there is no private cause of action under that statute, which identifies improper claims practices and provides an administrative remedy to third parties injured by those practices. *See Gaskins v. S. Farm Bureau Cas. Ins. Co.*, 541 S.E.2d 269, 272 (S.C. Ct. App. 2000) ("The Act does not create a private cause of action. A cause of action for wrongful adjustment under section 38-59-20 only entitles the Gaskins to an administrative remedy." (citation omitted)); (Dkt. No. 21-1 at 5 (Plaintiffs conceded claims under S.C. Code § 38-59-20 should be dismissed without prejudice.).)

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the amended complaint (Dkt. No. 20). Plaintiffs' breach of contract and bad faith claims are **DISMISSED WITH PREJUDICE**; Plaintiffs' claims for violation of S.C. Code § 38-59-20 are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 1, 2017
Charleston, South Carolina